UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, </br></br> Plaintiff, </br></br> v. </br></br> NILES MIRROR & GLASS, INC., </br></br> Defendant. | Civil Action No. 05-2481 (RCL) |

## DEFAULT JUDGMENT

Upon consideration of Complaint and Motion [5] for Entry of Judgment by Default by plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), it appears to the Court that defendant, Niles Mirror & Glass, Inc., a/k/a Niles Mirror & Glass, a/k/a Niles Mirror & Glass Co., Inc., ("Company"), has willfully failed to appear, plead or otherwise defend, and it is ORDERED:

1. Judgment is entered against Company, and in favor of plaintiff in the total amount of $25,597.58, itemized as follows:

   (a) Unpaid contributions for the period September 2005 through December 2005 in the amount of $19,013.42 under 29 U.S.C. § 1132(g)(2) and 185(a);

   (b) Interest from the date contributions became due until February 15, 2006, in the amount of $238.06;

    (c)    Liquidated damages in the amount of $3,802.68, which is twenty percent (20%) of the total amount of contributions ($19,013.42) owed the Fund for the period September 2005 through December 2005;

    (d)    Late charges in the amount of $222.34 for the period February 2005 through August 2005;

    (e)    Attorneys' fees and costs in the amount of $2,321.08 incurred by plaintiff through February 17, 2006, as provided in 29 U.S.C. § 1132(g)(2)(D).

2. Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendant is obligated to do so under its collective bargaining agreement(s).

3. Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 10, 2006.